IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| FIRST GUARANTY BANK,<br><br>                 Plaintiff,<br>v.<br><br>REPUBLIC BANK, INC.,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER AND DEEMING MOOT MOTION FOR LEAVE TO FILE SUR-REPLY<br><br>Case No. 1:16-cv-150 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

Plaintiff First Guaranty Bank seeks to modify the scheduling order.[1] Plaintiff seeks modification of the deadline for filing motions to amend pleadings or to join additional parties. Due to a "change in circumstances" Plaintiff asks in its reply brief that the court extend the deadline to September 29, 2017. Originally Plaintiff sought to move the deadline to September 21, 2017. Defendant Republic Bank opposes the request.[2] As set forth below the court grants the motion.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a "schedule may be modified only for good cause and with the judge's consent."[3] The good cause standard in Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to

---

[1] Docket no. 46.

[2] Republic Bank seeks to file a sur-reply in opposition to the motion to amend. *See* docket no. 59. The court deems this motion moot because it grants First Guaranty's motion. A change in the requested extension of eight days from September 21, 2017 to September 29, 2017 is not material enough to warrant the need for a sur-reply.

[3] Fed. R. Civ. P. 16(b)(4).

permit the proposed amendment."[4]  So properly construed, "good cause" basically means that the scheduling deadlines cannot be met despite a party's best diligent efforts.[5]

First Guaranty argues amending the scheduling order is appropriate because it has "worked diligently to schedule the Rule 30(b)(6) deposition of Med One."[6]  The 30(b)(6) deposition of a representative from Med One became necessary after Med One could not find a consent document pertaining to the assignment of leases that was sought in discovery.  Med One states that it believes consent was given but it "cannot find the document."[7]  Thus the missing document is not Plaintiff's fault and therefore an extension is warranted because whether or not consent was given for assignment of the leases is central to this case.

Republic Bank, in contrast, argues an amendment is not appropriate because an extension is unreasonable given the past history of extensions it agreed to.  Republic Bank further argues that an amendment would be prejudicial and the amendment is a strategic ploy of determining whether Med One needs to be added to this suit.  The court disagrees with these arguments.

First, while the court commends Republic Bank for its civility in this matter, there is nothing in the history of extensions that prevents the current modest extension.  Second, Republic Bank's assertions of prejudice pertaining to an attempt by First Guaranty to obtain a prejudgment writ of attachment are speculative at this time.  And, as noted earlier, the focus on a Rule 16(b) extension request is not concentrated on prejudice but on the moving party's efforts.

Finally, although there are elements of strategy within First Guaranty's actions, that is not the primary reason for its request.  Rather, the need to depose Med One did not arise until later in

---

[4] *Colorado Visionary Acad. v. Medtronic, Inc.* 194 F.R.D. 684, 687 (D. Colo. 2000)

[5] *See id.*

[6] Motion p. 4, docket no. 46.

[7] *Id.*

this case during the course of discovery. The Federal Rules of Civil Procedure are "construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."[8] First Guaranty initially sought discovery from Med One in a less expensive and timelier manner. There is no need to punish Plaintiff for these efforts when they proved unfruitful especially based upon the record here where Plaintiff sought to depose Med One in a timely manner.

## ORDER

Accordingly, it is HEREBY ORDERED that the Motion to Amend Scheduling Order is GRANTED. Plaintiff is to file a proposed amended schedule with the court within seven (7) days from the date of this order.

DATED this 15 August 2017.

*[signature]*

Brooke C. Wells
United States Magistrate Judge

---

[8] Fed. R. Civ. P. 1.