# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FIRST GUARANTY BANK,<br><br>    Plaintiff,<br>v.<br><br>REPUBLIC BANK, INC. . nka RB PARTNERS, INC.,<br><br>    Defendant. | **MEMORADUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO AMEND THE COMPLAINT**<br><br>Case No. 1:16-cv-00150-JNP-BCW<br><br>District Judge Jill N. Parrish |

Before the court is First Guaranty Bank's Motion to Amend its Complaint. [Docket 36]. First Guaranty seeks to amend the factual allegations in the original complaint and to add two additional causes of action: (1) failure of consideration concerning the portion of the May 26, 2015 Portfolio Purchase Agreement that transferred the Pioneer Health Services, Inc. lease to First Guaranty and (2) tortious interference with economic relations. Republic Bank, Inc. does not oppose amendment of the Complaint's general factual allegations, but it does object to the addition of the two new causes of action. Republic argues that leave to add the additional causes of action should be denied as futile because these claims would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court agrees with Republic and DENIES the motion to amend to the extent that the motion seeks to add the two new causes of action and GRANTS the motion to amend to the extent that the motion seeks to add additional factual allegations.

## BACKGROUND

Med One Capital Funding LLC leased medical equipment to a number of hospitals and medical practices.[1] Med One then assigned the right to receive the lease payments to Republic. Republic later assigned fifty-three separate equipment leases, including the Med One leases it held, to First Guaranty by way of two "Portfolio Purchase Agreements." A December 24, 2014 Portfolio Purchase Agreement transferred forty-five lease agreements to First Guaranty. A subsequent May 26, 2015 Portfolio Purchase Agreement transferred eight additional lease agreements to First Guaranty, including a lease contract with Pioneer Health Services, Inc. for software.

In March 2016, Pioneer stopped making payments under its lease contract. On March 30, 2016, Pioneer filed for bankruptcy. A bankruptcy judge determined that the lease agreement was not a "true lease" of personal property within the meaning of 11 U.S.C. § 365(d)(5). The judge, therefore, denied a motion brought by Med One and First Guaranty to compel Pioneer to continue to make payments under the lease contract during the pendency of the bankruptcy proceedings.

On October 28, 2016, Republic filed a UCC Financing Statement Amendment with the State of Mississippi. First Guaranty alleges that the filing terminated First Guaranty's UCC financing statement for the software that is the subject of the Pioneer lease contract, impairing its legal rights to collect on the lease contract.

First Guaranty sued Republic, asserting three causes of action: (1) declaratory relief under 28 U.S.C. § 2201, (2) breach of contract, and (3) breach of the covenant of good faith and

---

[1] Both First Guaranty and Republic refer to the contracts between Med One and the hospitals and medical practices for medical equipment as "leases." Therefore, the court also refers to these contracts as leases but makes no determination regarding the nature of these contracts.

fair dealing. On June 21, 2017, First Guaranty moved to amend its Complaint to include additional factual allegations and to add two additional causes of action: (1) partial rescission for failure of consideration and (2) tortious interference with economic relations. Republic opposed the motion to amend to the extent that it seeks to add the two new causes of action, arguing that the amendment would be futile because the new claims would be subject to dismissal for failure to state a claim.

**LEGAL STANDARD**

Rule 15(a)(2) provides that parties may amend their pleadings by leave of the court and that courts "should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim" under Rule 12(b)(6). *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

The court's function when evaluating whether a complaint fails to state a claim is not to weigh potential evidence that the parties may present at trial but to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citation omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility, in the context of a motion to dismiss, means that the plaintiff has alleged facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

### I. FAILURE OF CONSIDERATION CLAIM

The proposed Amended Complaint contains a new cause of action for failure of consideration. In this proposed claim, First Guaranty alleges that Republic failed to perform its promise to deliver "all rights and claims arising under or related [to the Leases] and all payments of any kind whatsoever which are due and payable under the Leases" or its promise that the "Lease Documents . . . are valid and binding obligations of the Lessees (or other party thereto) enforceable in accordance with their terms." [Docket 36-1, ¶¶ 66, 68]. First Guaranty asserts that Republic failed to deliver on these promises because a bankruptcy court later determined that the Pioneer lease transferred by the May 26, 2015 Purchase Agreement was not a "true lease," finding instead that it was a conditional sales agreement. Because the Pioneer contract was not a true lease, the bankruptcy court denied a motion to compel Pioneer to continue to make the lease payments during the bankruptcy proceedings.

The proposed Amended Complaint alleges that Republic's failure to perform its promises entitles it to a partial rescission of the May 26, 2015 Portfolio Purchase Agreement. Although the Purchase Agreement transferred eight separate leases to First Guaranty, the proposed cause of action for failure of consideration specifically seeks rescission of only the portion of the Purchase Agreement that transferred the Pioneer lease. Republic argues that the proposed cause of action would be futile because Utah law does not permit partial rescission of a contract.

4

The Supreme Court of the Territory of Utah addressed the question of whether a contract could be partially rescinded 130 years ago in *Kelly v. Kershaw*, 14 P. 804 (Utah Terr. 1887). In that case the litigants entered into a single contract that conveyed two separate parcels of property to the defendant in exchange for a $4,000 note. *Id.* at 805. The court rejected a claim that the land purchase contract should be partially rescinded as one of the parcels of property, but not as to the other, holding that it is

> a general rule that a part of a contract cannot, without mutual consent, be rescinded, unless the whole be rescinded. The purchase of that one parcel of ground, 18x50 feet, was not a contract by itself. It was but part of a transaction which embraced other property. . . . It is inequitable that [the defendant] should, while retaining the benefits arising from one part of the contract, be allowed to rescind the other part.

*Id.* at 805–06; *accord Pratt v. Pugh*, 238 P.3d 1073, 1076 n.4 (Utah Ct. App. 2010) ("'The general rule is that one must rescind all of his contract and may not retain rights under it which he deems desirable to have and repudiate the remainder of its provisions.' . . . 'The theory underlying such a rule is that retention of only the benefits of the transaction amounts to unjust enrichment and binds the parties to a contract which they did not contemplate.'" (quoting *Simmons v. California Inst. of Tech.,* 209 P.2d 581, 587 (Cal. 1949)).

In this case, First Guaranty entered a single contract to acquire the right to receive payments under eight separate leases. In its proposed cause of action for failure of consideration, First Guaranty seeks the rescission of only the part of the contract that transferred the Pioneer lease. In other words, First Guaranty tries to keep the benefit of the leases where the lessees fully performed by making the required payments,[2] while rescinding the part of the contract that transferred the Pioneer lease where the lessee declared bankruptcy and stopped making

---

[2] Of the seven other leases transferred by the May 26, 2015 Portfolio Purchase Agreement, it appears that six lessees fully performed, while First Guaranty negotiated partial payments for a lease to Sherman-Grayson Hospital.

5

payments. Utah law does not permit such an outcome. Thus, the proposed failure of consideration claim is futile, and the court denies First Guaranty's motion to amend as it relates to this cause of action.

## II. TORTIOUS INTERFERENCE CLAIM

The proposed Amended Complaint also adds a cause of action for tortious interference with economic relations. First Guaranty alleges that Republic filed a UCC financing statement amendment that either compromised or eliminated First Guaranty's security interest in software that is the subject of the Pioneer lease. First Guaranty attached the UCC filing to the proposed Amended Complaint, which the court considers in evaluating whether the proposed Amended Complaint states a valid tortious interference claim. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." (citations omitted)).

In order to plead a viable tortious interference claim, First Guaranty must assert facts that prove "(1) that [Republic] intentionally interfered with [First Guaranty's] existing or potential economic relations, (2) . . . by improper means, (3) causing injury to [First Guaranty]." *Eldridge v. Johndrow*, 345 P.3d 553, 565 (Utah 2015) (third alteration in original) (citation omitted). First Guaranty has failed to allege facts that could support a conclusion that Republic interfered with its economic relations for two reasons.

First, the UCC filing had no effect on First Guaranty's security interest. On the UCC filing, the box on line 2 is checked. Line 2 reads: "TERMINATION Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of the Secured Party authorizing this Termination Statement." On line 9, which provides the "NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT," the filing lists

Republic Bank as the secured party referenced in line 2. The document is clear; it only terminated the security interest of the party that authorized the amendment—Republic. By its own terms, the UCC filing did not terminate or affect in any way First Guaranty's security interest.

Second, even if Republic had tried to terminate First Guaranty's security interest, it had no ability to do so. Mississippi law governs First Guaranty's security interest in the software. The Mississippi code prohibits a filing made by one secured party from affecting the security interest of another secured party. MISS. CODE § 75-9-510(b) ("A record authorized by one (1) secured party of record does not affect the financing statement with respect to another secured party of record."). By operation of law, therefore, the UCC filing made by Republic could not interfere with First Guaranty's economic relations by terminating its security interest.

## CONCLUSION AND ORDER

The court DENIES IN PART AND GRANTS IN PART First Guaranty's Motion to Amend its Complaint. The court DENIES the motion to the extent that First Guaranty seeks to add the failure of consideration and tortious interference causes of action. The court GRANTS the motion to the extent that First Guaranty seeks to amend its general factual allegations and its existing causes of action. First Guaranty may file the Amended Complaint within 14 days of the date of this order.

DATED November 17, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge