IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FIRST GUARANTY BANK,<br><br>     Plaintiff,<br>v.<br><br>REPUBLIC BANK, INC. nka RB PARTNERS, INC.,<br><br>     Defendant. | **MEMORADUM DECISION AND ORDER DENYING MOTION TO ENTER A PARTIAL JUDGMENT UNDER RULE 54(b) AND TO STAY UNDER RULE 62(h)**<br><br>Case No. 1:16-cv-00150-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is First Guaranty Bank's motion to enter a partial judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and to stay this litigation under Rule 62(h). [Docket 202]. The court DENIES the motion.

## BACKGROUND

In its operative complaint, First Guaranty asserted three causes of action against Republic Bank, Inc: (1) rescission of a contract, (2) breach of contract, and (3) breach of the covenant of good faith and fair dealing. All of these causes of action were based upon two contracts (the First and Second Purchase Agreements) whereby First Guaranty agreed to purchase from Republic the rights to various equipment leases.

Republic moved for summary judgment on all three causes of action. The court granted summary judgment on the cause of action for breach of the covenant of good faith and fair dealing. The court granted summary judgment in part on the cause of action for rescission, including on First Guaranty's theory of mutual mistake and its theory that Republic made a material misrepresentation regarding the ownership of the McKesson software. The court denied summary judgment on First Guaranty's theory that it was entitled to rescission of the Purchase Agreements

because Republic made a material misrepresentation by failing to disclose that another party had retained the right to service the leases.

The court also granted in part summary judgment on First Guaranty's breach of contract cause of action. The court granted summary judgment on First Guaranty's theories that Republic had breached sections 3.d and 3.f of the Second Purchase Agreement. The court denied summary judgment on First Guaranty's theories that Republic had breached sections 2.c and 3.b of the Second Purchase Agreement.

First Guaranty now moves the court to enter a partial judgment against it on several of its theories under its rescission and breach of contract causes of action. It requests a judgment in Republic's favor on its theory of rescission for mutual mistake and its theory of rescission for a material misrepresentation regarding the ownership of the McKesson software. This would leave First Guaranty's theory of rescission for a material misrepresentation regarding servicing rights pending before this court. First Guaranty also requests a judgment in Republic's favor on its breach of contract theories based upon sections 3.d and 3.f, leaving its theories for breach of sections 2.c and 3.b pending before this court.

## ANALYSIS

**I.     RULE 54(b)**

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). In determining whether to enter a partial judgment under Rule 54(b), a court must first determine whether the requested judgment is final, or the "ultimate disposition of an individual claim." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460 (1980)

(citation omitted). The court must then "determine whether there is any just reason for delay." *Id.* at 8.

Here, the parties dispute whether the judgment requested by First Guaranty would be final. But the court need not resolve this issue because it determines that there is just reason to delay judgment. In deciding whether there is a just reason for delay, a district court acts as a "dispatcher." *Id.* In doing so, courts "consider such factors as [1] whether the claims under review were separable from the others remaining to be adjudicated and [2] whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Entry of a partial judgment under Rule 54(b) should not be routine. *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). "Indeed, 'trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships.' " *Id.* (citation omitted).

First, there is just reason to delay because the rescission claims that First Guaranty wishes to include in a partial judgment are intertwined with the claim that would remain before this court. *See id*. at 1243. First Guaranty argues that its rescission cause of action can be divided into several claims, including a claim for mutual mistake, a claim for material misrepresentation regarding the ownership of the McKesson software, and a claim for material misrepresentation regarding servicing rights. First Guaranty urges the court to certify the rescission claims for mutual mistake and for material misrepresentation regarding the McKesson software, while the rescission claim for material misrepresentation regarding servicing rights remains before this court. But the relief requested for all of these claims is the same—rescission of one or both of the Purchase Agreements at issue in this case. First Guaranty may prevail on its remaining theory of rescission still pending,

3

mooting the other theories rejected by the court in its order on the motion for summary judgment. Thus, a partial judgment on only some of First Guaranty's rescission claims for immediate appeal would not be an efficient use of judicial resources. *See id*. (dismissing an appeal from a Rule 54(b) judgment in part because the certified claims and the claims that remained pending before the district court sought the identical form of relief). Moreover, the requested judgment would include a material misrepresentation claim, while a sperate material misrepresentation claim would remain pending before the court. Common issues of law between these two claims creates a substantial risk that the Tenth Circuit would be called upon to decide the same issue more than once in multiple appeals.

Second, the breach of contract claims that First Guaranty wishes to include in a partial judgment are closely related to the other breach of contract claims remaining in this case. All of the breach of contract claims arise from a single contract: the Second Purchase Agreement. Given that a contract must be interpreted as a whole, the court of appeals should only be required to interpret the contract once in a single appeal. Additionally, Republic asserts a number of affirmative defenses that would affect all of First Guaranty's breach of contract claims. Awaiting a resolution to these affirmative defenses applicable to all of these claims is just reason to delay judgment. *See id*. ("[I]f a certain defense is applicable to all claims in an action . . . then we believe that the district court must adjudicate all the claims, not just certain selected claims, before an appeal may be taken.").

Because there is just reason to delay judgment, the court denies First Guaranty's motion to certify its prior rulings as final under Rule 54(b).

## II.     RULE 62(h)

Relying upon Rule 62(h), First Guaranty requests that this court stay the remaining claims if it enters a partial Judgement under Rule 54(b). Because the court declines to do so, this request is moot.

Moreover, First Guaranty misreads Rule 62(h). This rule states that "[a] court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments." Rule 62(h) permits only a stay of enforcement of the partial judgment—not a stay of the remaining claims.

## CONCLUSION

For the above-stated reasons, the court DENIES First Guaranty's motion to certify its rulings as final under Rule 54(b) and to stay litigation under Rule 62(h).

DATED September 22, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge