IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FIRST GUARANTY BANK,<br><br>　　　　Plaintiff,<br>v.<br><br>REPUBLIC BANK, INC. nka RB PARTNERS, INC.,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND SCHEDULING ORDER AND ORDER TO PAY REASONABLE EXPENSES**<br><br>Case No. 1:16-cv-00150-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is defendant Republic Bank, Inc.'s motion to extend the deadline to serve its expert disclosures. The court grants the motion. But the court also sanctions Republic for its failure to comply with the scheduling order or to file a timely motion to amend it. Plaintiff First Guaranty Bank may request any fees or costs associated with Republic's delay in producing the expert disclosure.

## BACKGROUND

Judge Romero entered the Tenth Amended Scheduling Order in this case on October 26, 2020. The order established a January 4, 2021 deadline for Republic to serve its expert witness disclosures. On November 5, 2020, the court scheduled a four-day bench trial for May 17, 2021.

On December 31, 2020, counsel for Republic emailed counsel for First Guaranty, requesting an extension of the deadline to serve its expert disclosure from January 4, 2021 to January 15, 2021 and of the deadline for expert discovery from February 19, 2021 to March 5, 2021. First Guaranty agreed to the new dates by email on January 3, 2021. On January 5, 2021, Republic emailed an amended proposed scheduling order to First Guaranty. The proposed order, in addition to amending the expert witness deadlines, added additional language characterizing

First Guaranty's remaining claims in the litigation. First Guaranty objected to the language characterizing its claims and reiterated that it would agree to the requested extensions but that it would not stipulate to other changes to the language of the order. On January 6, 2021, Republic proposed alternative language, but First Guaranty reiterated that it would not agree to any language characterizing its remaining claims. Republic never responded to First Guaranty's email and never moved to amend the scheduling order to reflect the extensions agreed to by First Guaranty.

On March 31, 2021 Republic filed a motion to extend its deadline to serve its expert disclosures from January 4, 2021 until April 6, 2021. Republic did not meet and confer with First Guaranty regarding its request to extend the deadline. In its motion, Republic represented that it did not receive complete deposition transcripts from First Guaranty's expert witnesses until January 26, 2021. Republic also stated:

> During February and March 2021, Republic's expert, a practicing attorney in Salt Lake City, had several extensive litigation matters that required his full attention, which postponed the time needed to complete his opinion. Additionally, the expert's property was damaged in unexpected criminal matter, which forced him to travel from Salt Lake City on several occasions.

On April 5, 2021, Republic delivered a 24-page expert report to First Guaranty. On the same day, First Guaranty filed an opposition to Republic's motion to amend its expert disclosure deadline.

## ANALYSIS

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In determining whether good cause exists to amend a scheduling order to permit an expert witness to give testimony at trial, courts consider four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (citation omitted). The Tenth Circuit has also noted that the denial of a motion to amend a scheduling order, "which results in the exclusion of evidence is . . . 'a drastic sanction.'" *Id.* (citation omitted).

The first two factors—the prejudice to First Guaranty and the court's ability to cure any prejudice—weigh in favor of permitting the amendment requested by Republic. First Guaranty points out that a number of deadlines for the upcoming bench trial are either rapidly approaching, or have already passed, including the deadline to produce trial exhibits (April 8), to designate video testimony (April 9), to file *Daubert* motions or motions in limine (April 22), and to file a trial brief (April 29). It argues that such a late designation of Republic's expert witness will make it impossible to depose the expert and meet these deadlines. The court agrees. But the court finds that this prejudice can be cured. The court will view very favorably any request by First Guaranty to extend these deadlines due to the late designation of Republic's expert. Additionally, because the trial will be a bench trial, the court has additional flexibility to permit Republic's expert to testify and rule on any motions to limit or exclude his testimony during or even after the trial. Thus, the court finds that First Guaranty will have time to depose the expert and submit any extra exhibits or file any motions in limine related to the expert's proposed testimony before the May 17, 2021 bench trial.

The court also finds that the third factor weighs in favor of amendment. Because over a month remains before the bench trial, adding an expert witness will not prevent an orderly and efficient trial.

Finally, the last factor—Republic's bad faith or willfulness in failing to comply with the scheduling order—weighs against amendment. Counsel for Republic was well aware of the January 4, 2021 deadline to serve the expert witness disclosures. First Guaranty had even agreed

to extend the deadline to January 15, 2021. But instead of filing a stipulated motion to extend the deadline and communicating with opposing counsel regarding any additional requests to extend this deadline due to unforeseen circumstances, Republic simply ignored the deadline. Perhaps adhering to the philosophy that it is better to ask forgiveness than to ask permission, Republic waited until it was almost ready to serve its expert report before requesting permission to extend the deadline. Thus, the court finds that Republic willfully disregarded the court's witness disclosure deadline.

In weighing these factors, the court also considers the Tenth Circuit's policy disfavoring the denial of a motion to amend a scheduling order if such a denial results in the exclusion of otherwise admissible evidence at trial. *See Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). Here, the denial of Republic's motion would result in the exclusion of its only expert. Moreover, the first three factors weigh in favor of allowing amendment. Prejudice to First Guaranty can be alleviated by permitting it to amend some of the pretrial deadlines for exhibits and motions that may be affected by Republic's late disclosure. And amendment will not disrupt the trial. Republic's willful disregard of the scheduling order deadline is disconcerting. But as discussed below, sanctions short of excluding expert testimony are available to discourage such conduct. Accordingly, in weighing the factors laid out by the Tenth Circuit, the court grants Republic's motion to amend the scheduling order. The deadline for Republic to serve expert disclosures is extended to April 6, 2021.

"On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1). Here, Republic disregarded the scheduling order deadline to serve its expert disclosures. Republic knew that it needed an extension of the deadline. First Guaranty

4

had even agreed to a short extension. But Republic failed to move for an extension until almost three months after the deadline had passed. Republic also failed to communicate with opposing counsel or the court about the status of its expert witness. Nor did it provide the information that it could about its expert in order to ameliorate the prejudice caused by the delay. Because Republic failed to obey the scheduling order or make a timely request to amend it. The court finds that a sanction is appropriate.

"Instead of or in addition to any other sanction [for disobeying a scheduling order], the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.* at 16(f)(2). For the same reasons stated above, Republic's failure to obey the scheduling order was not substantially justified nor are there other circumstances that would make an award of expenses unjust. Accordingly, the court finds that an award of expenses caused by Republic's noncompliance with the scheduling order is appropriate.

## CONCLUSION

For the reasons stated above, the court orders as follows:

1. The court GRANTS Republic's motion to extend the deadline to serve expert disclosures. ECF No. 232. The deadline for Republic to serve expert disclosures is extended to April 6, 2021. The court ORDERS Republic to accommodate the deposition of its expert as soon as reasonably practicable. The court will look favorably on any motions by First Guaranty to amend any pretrial deadlines that may be affected by the late disclosure of Republic's expert witness. The court will not view any further request by Republic to extend deadlines favorably.

2. The court ORDERS Republic to pay First Guaranty the reasonable expenses—including attorney's fees—incurred because of Republic's noncompliance with the scheduling order. First Guaranty may file a brief listing its reasonable expenses by April 30, 2021. Republic may file any objections by May 10, 2021.

DATED April 9, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge