IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FIRST GUARANTY BANK,<br><br> Plaintiff,<br>v.<br><br>REPUBLIC BANK, INC. nka RB PARTNERS, INC.,<br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE**<br><br>Case No. 1:16-cv-00150-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is defendant Republic Bank, Inc.'s motion to exclude plaintiff First Guaranty Bank's evidence in support of its damages claims outlined in its eighth supplemental disclosure. The court DENIES the motion.

## BACKGROUND

First Guaranty served its Rule 26 initial disclosure in January 2017. The disclosure provided damages calculations that included attorney fees for "Utah counsel" in the amount of $14,440.50 and for "Bankruptcy counsel in Texas and Mississippi" in the amount of $96,456.21. The Texas and Mississippi attorney fees were for the Pioneer bankruptcy proceedings. The initial disclosure stated that "[t]hese amounts will be supplemented as the case progresses."

First Guaranty served eight supplemental disclosures during the litigation. It served its fourth supplemental disclosure in March 2019. This disclosure did not supplement its damages calculation. Instead, it disclosed a document that First National potentially could use to support its claims, as required by Rule 26(a)(1)(A)(ii) and (e)(1)(A) of the Federal Rules of Civil Procedure. The document disclosed was a declaration of George King stating that his law firm had billed $17,421.50 between August 11, 2016 and September 2, 2016 for the Pioneer bankruptcy.

First Guaranty served its fifth supplemental disclosure in October 2019. This disclosure updated its damages calculation by incorporating by reference its supplemental responses to Republic's interrogatories. The supplemental responses stated that Republic's untimely notification of the Pioneer bankruptcy caused First Guaranty to incur additional legal fees in the bankruptcy proceedings, which were set forth in the King declaration. The supplemental responses also stated that First Guaranty claimed as damages a portion of the attorney fees incurred in this action, in the amount of $256,979.21.

First Guaranty served its sixth supplemental disclosure in January 2020, which disclosed a spreadsheet listing lease payments and expenses associated with the leases. The spreadsheet listed "Legal & Appraisal Fees" totaling $684,381.54. The sixth supplemental disclosure also included a spreadsheet setting forth First Guaranty's damage calculation for its recission claim. The spreadsheet listed $286,786.24 in attorney fees associated with the pool of leases containing the Pioneer lease.

In July 2020, First Guaranty served its seventh supplemental disclosure. The parties have not provided this disclosure to the court, but Republic represents that First Guaranty disclosed for the first time that it was seeking attorney fees for a lawsuit against Independent Healthcare Management, an affiliate of Pioneer.

Judge Romero entered the Tenth Amended Scheduling Order in this case on October 26, 2020. The order established a November 2, 2020 deadline for Republic to supplement its damages disclosures. On November 12, 2020, First Guaranty served its eighth supplemental disclosure, which updated the amount of attorney fees it sought as follows: (1) "Legal Fees for Pioneer Bankruptcy," $412,338; (2) "Legal Fees for Independent Healthcare," $91,526.84; and (3) "Legal Fees for Republic Lawsuit," $327,544.53.

On March 22, 2021, Republic filed a motion to exclude evidence of attorney fee damages. Republic argues that First Guaranty failed to properly disclose its damages calculations for attorney fees as required by Rule 26(a)(1)(A)(iii) and (e)(1). Republic further asserts that the appropriate sanction for this failure is the exclusion of evidence of attorney fee damages in excess of the $17,421.50 identified in the fifth supplemental disclosure.

## ANALYSIS

Under Rule 26(a)(1)(A)(iii), a party must provide to other parties "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." After making an initial damages calculation disclosure, the party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1).

Republic argues that First Guaranty failed to make adequate and timely disclosures of its damages calculations as required by Rule 26(a) and (e). Its principal contention is that First Guaranty's fifth supplemental disclosure, served in October 2019, effectively limited its damages calculation for attorney fees attributable to the Pioneer bankruptcy to the $17,421.50 disclosed in the King declaration. In other words, Republic asserts that the fifth supplemental disclosure waived First Guaranty's previous claims for all of the attorney fees associated with Pioneer bankruptcy. Republic argues that it relied on the fifth supplemental disclosure and that the November 12, 2020

3

eighth supplemental disclosure, which disclosed a damages calculation for the Pioneer bankruptcy totaling $412,338, was untimely because fact discovery had already closed.

The court disagrees with Republic. First, the court rejects Republic's contention that First Guaranty had failed to disclose its claim for reimbursement of all of its attorney fees for the Pioneer bankruptcy during the period of time between the fifth supplemental disclosure and the eighth supplemental disclosure. The sixth supplemental disclosure, which was served in January 2020, disclosed spreadsheets indicating that First Guaranty claimed damages for the Pioneer bankruptcy in excess of the $17,421.50 discussed in the King declaration. Republic does not argue that the sixth supplemental disclosure was untimely.

Second, even if the court had concluded that the eighth supplemental disclosure was untimely, there would be no basis for excluding evidence of damages under Rule 37(c) because any failure to make a timely disclosure was harmless. Republic argues that it was harmed by the allegedly untimely eighth supplemental disclosure because fact discovery had closed on August 31, 2018, preventing it from conducting further discovery related to the claim for fees for the Pioneer bankruptcy. But Republic ignores that fact that the fifth supplemental disclosure, which allegedly capped the Pioneer bankruptcy damages at $17,421.50, was not served until October 2019, over a year after fact discovery had closed. Thus, even if the fifth supplemental disclosure had waived First Guaranty's broader claim to attorney fee damages found in the initial disclosure, the waiver came well after the close of fact discovery. Moreover, the eighth supplemental disclosure and the supporting documents were served before the parties engaged in expert discovery.[1] Accordingly, no discovery was conducted between the fifth supplemental disclosure

---

[1] The eighth supplemental disclosure was served about six weeks before Republic deposed First Guaranty's experts. The court granted an extension of time for Republic to disclose its expert

4

and the eighth supplemental disclosure—the period of time during which Republic alleges that it believed that the Pioneer bankruptcy fees were limited to the King declaration. Because Republic has not shown that it was denied the opportunity to conduct discovery on First Guaranty's broader damages theory, any untimely disclosure was harmless.

Republic also argues that First Guaranty failed to timely disclose the billing records supporting its attorney fee damages because it did not produce the records until the eighth supplemental disclosure. But Rule 26 requires the disclosure of "a computation of each category of damages," not documents supporting those calculations. The disclosing party must only make these documents "available for inspection and copying." Republic does not allege that First Guaranty refused any requests to make supporting documents available to it.

Finally, Republic asserts that the eighth supplemental disclosure is deficient because it does not explicitly connect the attorney fees claimed to the late notice of the Pioneer bankruptcy. This is effectively an argument that First Guaranty is entitled only to attorney fees linked to the late notice of the bankruptcy. But Rule 26 is not an appropriate vehicle to challenge the merits of First Guaranty's damages claims. Nor does it provide an opportunity to argue that First Guaranty waived its claim to a broader scope of attorney fees attributable to the bankruptcy proceedings in its summary judgment briefing. Rule 26 requires only the disclosure of a computation of each category of damages and timely supplements to those calculations. The proper forum for challenging the merits of First Guaranty's claimed damages is the bench trial.

In short, the court rejects Republic's arguments for exclusion of evidence under Rule 26(a) and (e) and Rule 37(c).

---

witness reports, which gave Republic over four months from the eighth supplemental disclosure to designate its expert.

## CONCLUSION

The court DENIES Republic's motion in limine to exclude evidence of damages.

DATED May 13, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge