IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FIRST GUARANTY BANK,<br><br>Plaintiff,<br>v.<br><br>REPUBLIC BANK, INC. nka RB PARTNERS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR ATTORNEY FEES**<br><br>Case No. 1:16-cv-00150-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court are two competing motions for attorney fees filed by defendant Republic Bank, Inc. and plaintiff First Guaranty Bank. ECF Nos. 286 & 291. The court DENIES both motions.

**BACKGROUND**

Republic Bank[1] sold a number of equipment leases to First Guaranty Bank by way of a lease purchase contract. Two of the lessees stopped making payments after this transaction. First Guaranty sued Republic for both rescission and breach of the contract, arguing that it should be compensated for the costs of pursuing collection efforts against the defaulting lessees. The court held a bench trial for the rescission and breach of contract claims.

After the trial, the court invited First Guaranty and Republic to brief the issues the court would be required to resolve in this case. The parties filed simultaneous opening briefs and response briefs. In its opening brief, First Guaranty summarily argued that it was entitled to an

[1] After this litigation started, Republic became RB Partners, Inc.

award of attorney fees under an indemnification provision found in the lease purchase contract. In its response brief, Republic ignored First Guaranty's indemnification provision argument.

The court ruled against First Guaranty on its rescission claim but in its favor on the breach of contract claim. The court awarded about half of the damages First Guaranty had requested for the breach of contract claim. The court rejected First Guaranty's argument that it was entitled to attorney fees under the indemnification provision for two reasons. First, the portion of the indemnification provision that First Guaranty relied on does not authorize an award of attorney fees in a direct action between First Guaranty and Republic. Second, the indemnification provision limited Republic's indemnification obligation to costs incurred within one year of the closing date of the purchase contract. But First Guaranty incurred all of its attorney fees after this deadline had passed.

The court entered a judgment awarding breach of contract damages to First Guaranty on March 17, 2022. Two weeks later, Republic filed a motion for attorney fees, arguing that it was entitled to a fee award under two separate clauses found in the indemnification provision of the purchase contract. *See* FED. R. CIV. P. 54(d)(2) (authorizing a motion for attorney fees, which must be filed "no later than 14 days after the entry of judgment"). On April 28, 2022, First Guaranty filed a motion for reconsideration of the court's ruling that it was not entitled to attorney fees under the indemnification provision.

**ANALYSIS**

Section 5 of the lease purchase contract, entitled "INDEMNIFICATION AND SET-OFF," contains three paragraphs. Paragraph "a" outlines the conditions under which Republic would be required to indemnify First Guaranty. Paragraph "b" lists the conditions under which First Guaranty would be required to indemnify Republic. Finally, paragraph "c" provides for the general procedures and obligations that apply to both paragraphs "a" and "b," including the obligation of

the party seeking indemnification to notify the other party of any legal actions against it and the right of the indemnifying party to assume the defense of the action.

The court first addresses Republic's motion for attorney fees based on paragraph "b." The court then considers First Guaranty's motion for reconsideration, which functions as a renewed request for attorney fees under paragraph "a."

## I. REPUBLIC'S MOTION FOR ATTORNEY FEES

Paragraph "b" of the indemnification provision states:

> [First Guaranty] shall indemnify, protect, defend and hold [Republic] harmless from and against any and all loss, liability, damage, cost or expense (including, without limitation, court costs and reasonable attorneys' fees) wheresoever and howsoever arising which [Republic] . . . may incur as a result of: (1) any event or occurrence arising under or related to any Lease after the Closing Date related to [First Guaranty's] administration of such Lease . . . . [First Guaranty] shall further indemnify [Republic] for any and all defense costs (including, without limitation, court costs and reasonable attorneys') incurred by [Republic] in successfully defending any indemnification claim asserted by [First Guaranty] after the Closing Date against [Republic] with respect to the Leases.

Republic asserts two distinct claims for attorney fees. It argues that it is entitled to an award for all of its attorney fees and costs for defending this action under the first sentence of paragraph "b," which requires First Guaranty to indemnify Republic for costs incurred as a result of "any event or occurrence . . . related to [First Guaranty's] administration of such leases." Republic also argues that the court should award fees under the second sentence of paragraph "b" because it successfully defended against First Guaranty's indemnification claim. Based on these two clauses of paragraph "b," Republic contends that it is entitled to an award for the full amount of the attorney fees and costs it expended in this litigation: $601,593.03.

### *A. Sentence One Claim*

Interpreting language from the first sentence of paragraph "a" and from paragraph "c," the court previously determined that this clause applies only to third-party claims brought against First

Guaranty—not direct actions between the parties to the purchase contract. Key language found in sentence one of paragraph "b" is identical to the language of the first sentence of paragraph "a" that the court relied upon. Thus, Republic correctly determined that the reasoning of the court's prior order denying First Guaranty's request for attorney fees under paragraph "a" would likewise bar Republic from recovering attorney fees under paragraph "b." Accordingly, Republic argues that the court's prior ruling that the first sentence of paragraph "a" did not apply to direct actions was in error and that the court should abandon its prior interpretation. The court declines to do so.

First, Republic argues that the court improperly applied a rule of strict construction when it ruled that the first sentence of paragraph "a" did not apply to direct actions between the parties. *See Utah Transit Auth. v. Greyhound Lines, Inc.*, 355 P.3d 947, 956–58 (Utah 2015) (rejecting a rule of strict construction for insurance procurement provisions and generally disapproving of rules of strict construction). But this argument is misplaced because the court did not apply a rule of strict construction. The court merely employed the general rules of contract interpretation.

Second, Republic cites an unpublished Third Circuit opinion, several intermediate state appellate court opinions, and a federal district court ruling in support of its contention that indemnification provisions apply to direct actions between the contracting parties. *See SBA Network Servs., Inc. v. Telecom Procurement Servs., Inc.*, 250 F. App'x 487, 492 (3d Cir. 2007) (unpublished); *Keystone Care Admin. Servs., Inc. v. Bruce Grossinger, D.O.*, No. 1051 EDA 2015, 2016 WL 6875923, at *10 (Pa. Super. Ct. Nov. 21, 2016) (unpublished); *Hot Rods, LLC v. Northrop Grumman Sys. Corp.*, 242 Cal. App. 4th 1166, 1180 (2015); *Kraft Foods N. Am., Inc. v. Banner Eng'g Sales, Inc.*, 446 F. Supp. 2d 551, 577 (E.D. Va. 2006). But none of these cases interpret language identical to the relevant language of the indemnification provision analyzed by the court. Moreover, to the extent that these cases hold that indemnification clauses similar to those at issue

here apply to a direct action between the parties, the court respectfully disagrees. *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 200 (2d Cir. 2003) (holding that an indemnification clause applied only to third party suits); *Canopy Corp. v. Symantec Corp.*, 395 F. Supp. 2d 1103, 1114–16 (D. Utah 2005) (same); *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989) (same). Accordingly, for the same reasons that the court rejected First Guaranty's request for attorney fees under paragraph "a," see ECF No. 284 at 31–33, the court also denies Republic's motion for fees under the similarly-worded first sentence of paragraph "b."

*B. Sentence Two Claim*

The second sentence of paragraph "b" states that First Guaranty "shall further indemnify [Republic] for any and all defense costs (including, without limitation, court costs and reasonable attorneys') incurred by [Republic] in successfully defending any indemnification claim asserted by [First Guaranty]." Unlike the first sentence of paragraph "b," which requires First Guaranty to indemnify Republic against third-party claims, this clause specifically contemplates a fee award for a direct claim for indemnification brought by First Guaranty against Republic. Thus, Republic plausibly argues that it is entitled to an award for fees associated with defending against First Guaranty's request for a fee award under paragraph "a" of the indemnification provision.[2]

But the problem with Republic's request for fees under the second sentence of paragraph "b" is that it has not produced any evidence of attorney fees associated with defending against First Guaranty's indemnification claim. Indeed, it appears that Republic did not incur any recoverable costs. First Guaranty raised its indemnification argument for the first time in its posttrial brief. Republic ignored this argument in its response brief. Thus, Republic prevailed on the

[2] First Guaranty argues that this clause does not apply here because it did not formally plead an indemnification cause of action. The court need not address this argument because Republic's sentence-two indemnification claim fails for another reason.

indemnification claim without expending any resources to obtain this victory. At any rate, Republic failed to allocate any of the requested $601,593.03 for fees and costs to its sentence-two attorney fee argument. This failure to allocate is fatal to its claim. *See Reighard v. Yates*, 285 P.3d 1168, 1183 (Utah 2012) ("A court cannot award all attorney fees requested if they have not been allocated as to [recoverable] claims, but may deny attorney fees altogether for failure to allocate."). For this reason, the court denies Republic's request for an attorney fee award under the second sentence of paragraph "b."

*C. Conclusion*

The court denies Republic's motion for an award of attorney fees and costs.

## II. FIRST GUARANTY'S MOTION FOR RECONSIDERATION

First Guaranty asks the court to reconsider its prior ruling denying First Guaranty's request for attorney fees under paragraph "a" of the purchase agreement. The court denies First Guaranty's motion because the court does not have the authority to reconsider its ruling.

The court has discretion to reconsider its rulings prior to the entry of judgment. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). But after the court enters a judgment, its authority to reconsider its rulings is constrained. Outside of the exceptions articulated in Rules 50, 52, 59, and 60 of the Federal Rules of Civil Procedure, district courts do not have the power to reconsider rulings incorporated into a final judgment. *See Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1022 (D.N.M. 2019). Rule 50 applies to jury trials, not the bench trial held in this case. Additionally, the court may not consider the motion under Rule 52(b) or Rule 59(e) because First Guaranty waited 42 days after the entry of judgment to file its motion for reconsideration. Motions brought under these rules must be filed within 28 days of the entry of judgment, and courts may not consider untimely motions. *See Brock v. Citizens Bank of Clovis*, 841 F.2d 344, 348

(10th Cir. 1988) (holding that courts lack jurisdiction to consider untimely Rule 59(e) motions). Moreover, because First Guaranty made no attempt to satisfy the requirements of Rule 60(b), the court does not interpret the motion for reconsideration to be brought under this rule. *See Kruskal*, 429 F. Supp. 3d at 1020 ("[A] court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking '"reconsideration of matters properly encompassed in a decision on the merits" contemplated by Rule 59(e).'" (citation omitted)); *United States v. Loera*, 182 F. Supp. 3d 1173, 1201 (D.N.M. 2016) ("[I]f the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints.").

In short, First Guaranty's motion for reconsideration was untimely, and the court may not consider it.[3] The motion is denied.

## CONCLUSION

For the reasons stated above, the court denies both Republic's motion for attorney fees and First Guaranty's motion for reconsideration.

[3] Even if the court could consider First Guaranty's untimely motion to reconsider, the court would deny it. First Guaranty asserts that because both parties have argued to this court that the indemnification provision applies to direct actions between them, the court should adopt this interpretation as conclusive. But the litigation positions adopted by lawyers in a dispute do not determine the meaning of a contract. *Cf. Mind & Motion Utah Invs., LLC v. Celtic Bank Corp.*, 367 P.3d 994, 1006 (Utah 2016) (declining to consider an affidavit asserting a party's understanding as to the meaning of a contract provision as evidence of a latent ambiguity). The language of the contract does. The court also disagrees with First Guaranty's additional arguments regarding the proper interpretation of paragraph "a" of the indemnification provision.

DATED February 10, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge